F. Shelden *v.* D. Miller.

Judgment was rendered in favor of plaintiff against defendant in the State of Mississippi. Under a statute of that State, the clerk of the court which rendered the judgment, seized and sold it for the payment of his costs. The defendant purchased it. *Held :* That it is competent for the Supreme Court to examine the regularity of the proceedings under which the judgment was sold. The sale was void:

1. Because the description of the suit in the execution issued by the clerk, did not describe correctly the judgment which was to be sold.
2. Because the record does not show that the defendant paid the amount of his bid for the judgment.
3. Because the Sheriff made no assignment of the judgment to the defendant, as required by the statute.

The court will not, where it can be avoided, declare an act of a sister State unconstitutional.

Where the proceedings are *ex parte*, and without notice to the party whose rights are to be affected, the forms of law must be strictly complied with.

APPEAL from the District Court of the Parish of Concordia, *Farrar*, J. *T. P. Farrar*, for plaintiff. *Stacy & Sparrow* and *Grymes*, for defendant and appellant.

Buchanan, J. This is a suit upon a Mississippi judgment, rendered in the Circuit Court of Adams county, on the 24th of November, 1841.

The defence is, that the judgment was satisfied and extinguished by a purchase of the said judgment, by the defendant, at a Sheriff's sale, on the 2d of December, 1844.

The judgment was seized and sold upon an execution for costs, issued upon the motion of the clerk, in virtue of an act of the Legislature of Mississippi, approved the 24th February, 1844.

The counsel of appellee contends, that the purchase of the judgment by said defendant, is a nullity, the law under which it was sold, being in violation of the Constitution of the United States, Article 1st, section 10th, which declares that no State shall pass any law impairing the obligation of contracts.

The Mississippi statute of Feb. 24th, 1844, provides, in substance, that when an execution issued upon any judgment in Mississippi shall have been or shall hereafter be returned *nulla bona*, and when there are any costs due in the suit, it shall be lawful for any person interested in the receipt of the costs due, at the next term after the passage of the act, or at the next term succeeding such return of the execution, to move the court which rendered the judgment for an order to sell the judgment at public auction to the highest bidder for cash.

The statute further provides, that if the defendant in the suit purchase the judgment at the sale made in execution of such order, the Sheriff shall assign the judgment to him; and "the sale and assignment shall operate as a complete satisfaction and extinguishment of the judgment."

The practical operation of this statute is exemplified by the facts of the present case.

The plaintiff brought against the defendant and others, in the Adams county Circuit Court, an action of assumpsit upon three notes of hand subscribed by the latter; and recovered judgment upon a verdict of a jury, for the sum of five thousand one hundred and five dollars, with costs of suit. Upon this judgment, a writ of *fieri facias* was issued, and was returned *nulla bona*, at the May term of the court, 1842. Nothing further was done in the suit, until

the May term of the court, 1844, being, it is presumed, the next term after the passage of the act of the Legislature of the 24th Feb., 1844, when, on motion of the clerk of the court, an order was made to sell the judgment to satisfy the costs then due. The judgment was accordingly advertised and sold to the defendant for the sum of thirty-one dollars and ninety cents, being, as is supposed, the exact amount of the costs of the suit with the costs of the sale added.

Now, the plaintiff's action of assumpsit was unquestionably the remedy given him by law, for enforcing the obligation of the defendant's contract as contained in his promissory notes sued upon. The judgment in that action fixed the defendant's obligation and made it executory. It even superadded another accessory and incidental obligation to the primitive obligation of the contract, namely, that of paying the costs of the suit. · But by the effect of the statute of the 24th of February, 1844, the fulfilment of this incidental obligation, relieves him entirely from the principal one, sanctioned though it had been by a solemn judgment; and the payment of the insignificant amount of thirty-nine dollars costs, which he was already bound by that judgment to pay, satisfied a debt of five thousand dollars, which the plaintiff had too credulously supposed he was securing by the incurring of those costs.

The constitutionality of the statute in questions appears never to have been passed upon in the tribunals of Mississippi; but that doubts have there been entertained upon that subject, may be inferred from the language of Chief Justice Sharkey, in pronouncing the opinion of the High Court of Errors and Appeals in the case of *Lee* v. *Boykin*, 13th Smedes & Marshall, 530.

But we are unwilling to put our decision of this case upon the unconstitutionality of an act of the Legislature of a sister State, if it can be avoided. We therefore turn to the other ground taken by the counsel of appellee to defeat the plea of the defendant, that the judgment in Mississippi has been satisfied and extinguished by the Sheriff's sale of the 2d December, 1844.

The appellee contends that that sale cannot have the effect claimed for it, because of an incorrect description of the judgment sold, and for other irregularities in the proceedings.

Our right to examine the irregularity of the proceedings in question, has been disputed by the appellant. But we consider this point settled adversely to his views, by the decision in the case of *McDonogh* v. *Gravier's Curator*, 9 Louisiana Reports, a decision confirmed in the case of *McGary* v. *Dunn*, 1st Ann. *Gales* v. *Christy*, 4th Ann., and others.

A party who claims title, is bound to make out his title; and the proof to divest a title should be equally complete. This latter principle, indeed, is consecrated in the Constitution of the United States. "No person shall be deprived of life, liberty, or property, without due process of law." Constitution United States, 5th amendatory article.

There is no question that the judgment upon which this suit is based, was originally the property of plaintiff; the defendant alleges that plaintiff has been divested of that property. It is incumbent upon him to show that such divestiture has taken place by due process of law; that the proceedings by which the extinguishment of the judgment is alleged to have been effected, have been clothed with the formalities required by the statute upon which they were founded. The necessity of a strict observance of the forms of law is especially obvious, when the proceedings have been *ex parte*, without notice to the party whose rights have been affected by them. Viewed in this aspect, we

are disposed to subject the statute of the 24th of February, 1844, to the strictest interpretation.

SHELDEN<br>v.<br>MILLER.

Testing the regularity of those proceedings as exhibited in the record by a comparison with that statute, we find them deficient in the following particulars;

1. That the description of the suit, in the execution issued by the clerk, did not describe correctly the judgment which was to be sold.

2. That the record does not show that the defendant paid the amount of his bid for said judgment.

3. That the Sheriff has made no assignment in writing of the judgment to defendant, as required by the statute.

It is therefore adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

Application for re-hearing refused.*

---

*In the application for a re-hearing, it was stated that a gentleman of the Mississippi bar had informed Mr. *Stacy,* that the High Court of Errors and Appeals of that State, had but recently decided a case, affirming the constitutionality of the law. The case, it was said, had not been reported.